UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GNC CORP. TRIFLEX PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION (NO. II)   MDL No. 2491

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, the GNC defendants[1] move to centralize this litigation in the Western District of Pennsylvania. The litigation consists of the three actions listed on Schedule A, which are pending in the Southern District of California, the Southern District of Florida, and the Northern District of Ohio, respectively. Additionally, one related action is pending in the Western District of New York.[2] Plaintiffs in all actions oppose centralization or, alternatively, request selection of the Southern District of Florida or the Southern District of California.

Plaintiffs acknowledge that these actions involve common factual questions concerning whether GNC made false and misleading advertising claims regarding joint health supplement products sold under the TriFlex brand name, but contend that centralization is not warranted based on the limited number of actions, the alleged lack of factual complexity, and the possibility of voluntary coordination in these circumstances. The record shows, however, that complex scientific issues concerning the effectiveness of the active ingredients in the TriFlex products – in particular, glucosamine hydrochloride and chondroitin sulfate – will be litigated and many of the same clinical studies will be challenged. In our view, extensive common expert discovery likely will be required, as will one or more *Daubert* hearings. There is little overlap in plaintiffs' counsel which will make coordination of these issues difficult. Additionally, the proposed multistate class in the Southern District of California action overlaps with the proposed state classes in the Southern District of Florida action and the potential tag-along action in the Western District of New York.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions relating to allegations that GNC has made false and misleading advertising claims regarding the effectiveness of joint health supplements sold under the TriFlex brand name. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] GNC Holdings, GNC Corporation, General Nutrition Centers, Inc. and General Nutrition Corporation, Inc. (collectively, "GNC").

[2] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

rulings (in particular with respect to class certification and discovery issues); and conserve the resources of the parties, their counsel and the judiciary.

After weighing all factors, we have selected the District of Maryland as transferee district for this litigation.[3] This district provides a geographically central forum for this nationwide litigation, and will be convenient and accessible for the parties and witnesses. It is relatively close to defendants' headquarters in Pittsburgh, Pennsylvania, where common evidence is likely to be located. Selection of the District of Maryland also enables us to assign this litigation to the transferee judge who will preside over MDL No. 2498, In re: Nutramax Cosamin Marketing and Sales Practices Litigation, which we are centralizing via a separate order entered this same date. Similar to this docket, MDL No. 2498 implicates issues concerning the effectiveness of glucosamine hydrochloride and chondroitin sulfate in promoting joint health. Judge J. Frederick Motz, to whom we assign this litigation, is an experienced transferee judge. We are confident he will steer this litigation on a prudent course.[4]

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro                Charles R. Breyer
Lewis A. Kaplan                  Sarah S. Vance
Ellen Segal Huvelle

---

[3] Although no constituent action is currently pending in the District of Maryland, that is not an impediment to its selection as the transferee district. *See In re: BP p.l.c. Sec. Litig.*, 734 F. Supp. 2d 1376, 1379 (J.P.M.L. 2010).

[4] We express no view on the degree, if any, to which pretrial proceedings in this docket should be coordinated with those in MDL No. 2498. That is a matter for the transferee judge to determine. *See In re: Gerova Fin. Group, Ltd., Sec. Litig.*, 816 F. Supp. 2d 1381, 1382 (J.P.M.L. 2011).

IN RE: GNC CORP. TRIFLEX PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION (NO. II)        MDL No. 2491

## SCHEDULE A

<u>Southern District of California</u>

Michael Lerma, et al. v. GNC Corporation, C.A. No. 3:13-00933

<u>Southern District of Florida</u>

Robert Toback v. GNC Holdings, Inc., et al., C.A. No. 9:13-80526

<u>Northern District of Ohio</u>

Robert Calvert v. GNC Corporation, C.A. No. 4:13-01697